IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CR-30159-MJR |
| | ) |
| JOHN WYSINGER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

After a four day trial, a jury convicted John Wysinger of conspiracy to distribute crack cocaine and aiding and abetting the distribution of cocaine in violation of 21 U.S.C. §§ 841(a) and 846 (Docs. 167–174). During trial, Wysinger moved for judgment of acquittal at the close of the prosecution's evidence and at the close of his own evidence; the Court denied both motions (*See* Doc. 159). He has renewed his motions for judgment of acquittal and also moves for a new trial (Doc. 180). For the reasons outlined below, both of his motions will be denied.

## Motions for Judgment of Acquittal

On the defendant's motion or sua sponte, the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The evidence is insufficient to withstand the motion if, viewing the evidence in the light most favorable to the prosecution, "no reasonable factfinder could find the defendant guilty beyond a reasonable doubt." *United States v. Dinga*, 609 F.3d 904, 907 (7th Cir. 2010) (citing *United States v. Morris*, 576 F.3d 661, 665 (7th Cir. 2009)); *see id.* ("A defendant posing this challenge 'faces a nearly insurmountable hurdle.'" (quoting *Morris*, 576 F.3d at 665)); *United States v. Hicks*, 368 F.3d 801, 804 (7th Cir. 2004); *United States v. Curtis*, 324 F.3d 501, 505 (7th Cir. 2003).

To prove Wysinger guilty of conspiracy to distribute and possess with intent to distribute a controlled substance (Count 1), the Government had to show that an agreement to distribute and possess with intent to distribute cocaine existed and that Wysinger knowingly joined the conspiracy with intent to further it. *See, e.g.*, *United States v. Curry*, 977 F.2d 1042, 1053 (7th Cir. 1992) ("A conspiracy consists of a combination or confederation between two or more persons formed for the purpose of committing, by their joint efforts, a criminal act." (quoting *United States v. Mealy*, 851 F.2d 890, 895 (7th Cir. 1988))). To prove Wysinger guilty of aiding and abetting the possession with intent to distribute (Count 2), the Government had to show that Wysinger participated in a criminal venture (possession with intent to distribute) and sought by his actions to make it succeed. *See United States v. Wesson*, 889 F.2d 134, 135 (7th Cir. 1989).

After stating the applicable standards for deciding a motion for judgment of acquittal, Wysinger argues that "the evidence adduced at trial was insufficient for the Jury to make a finding of guilt beyond a reasonable doubt." That is as far as he goes. The lack of the development of this argument "speaks to the paucity of the argument." *United States v. Jones*, 224 F.3d 621, 626 (7th Cir. 2000); *see also United States v. Reese*, No. 08 CR 1061, 2010 WL 55695, at *6 (N.D. Ill. Jan. 4, 2010) (noting that undeveloped arguments are waived) (citing *Jones*, 224 F.3d at 626). Even if Wysinger had endeavored to develop his argument that judgment of acquittal was warranted, there was plenty of evidence for a jury to find him guilty beyond a reasonable doubt on the counts against him in the superseding indictment.

A reasonable juror could have found that the drug conspiracy existed beyond reasonable doubt and that Wysinger knowingly joined the conspiracy with intent to further it—again beyond a reasonable doubt. At trial, the Government presented the testimony of Montez Douglas, Keith Holmes and Sebastian Robinson, his co-defendants, who testified that Wysinger provided them with cocaine from Chicago, on consignment, for their activities in the East Saint Louis,

2

Illinois, area. They testified that Wysinger was present for some the deliveries of cocaine and, when he was not, he employed couriers to deliver the cocaine and pick up the money. They also testified that they and Wysinger delivered cocaine well in excess of 5 kilograms during the conspiracy. Along with this testimony, the Government presented recorded calls involving the co-conspirators which corroborated the testimony and some of which involved Wysinger. The Government also presented a videotaped statement of the Defendant and a recorded call between the Defendant and a DEA agent which showed his involvement in the conspiracy. This evidence showed not only that Wysinger joined an ongoing drug conspiracy, but also that he was a major participant in it and directed its ongoing activities.

A reasonable juror could also have found, beyond reasonable doubt, that John Wysinger knowingly possessed—or associated with those who knowingly possessed—more than 500 g of cocaine with intent to distribute it. Testimony, recorded conversations and evidence at trial showed that Tryd Wysinger possessed cocaine in the East Saint Louis area on May 27, 2009. Officers seized cocaine from a van that Tryd drove on his way to deliver cocaine to a confidential informant. Tryd had just delivered 0.5 kg of cocaine just before being stopped with the kilogram of cocaine. Tryd was delivering the cocaine on behalf of John, and John had negotiated the sale of the kilogram with a testifying witness. Numerous telephone calls were recorded in which John and the witnesses discussed the delivery of the cocaine; and surveillance of the meeting between Tryd and the confidential informant a few days before the seizure of the cocaine corroborated witness testimony. This evidence shows that not only did John Wysinger know of Tryd's possession, he aided and abetted it. As the evidence was sufficient for a reasonable juror to convict Wysinger on counts 1 and 2 of the superseding indictment, the Court cannot grant Wysinger's motion for judgment of acquittal.

**Motion for New Trial (Doc. 180)**

A court may vacate a conviction or judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). This power is reserved for the most extreme cases. *United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998) (quoting *United States v. Morales*, 902 F.2d 604, 606 (7th Cir. 1990)). An extreme case is if a reasonable probability exists that a trial error had a prejudicial effect on the jury's verdict. *United States v. Berry*, 92 F.3d 597, 600 (7th Cir. 1996). Wysinger notes several issues that, he claims, were errors that had a prejudicial effect on the jury's verdict.

Interrogation evidence

Wysinger first argues that it was error for the Court to admit Government's Exhibit 21, which was a DVD (marked N-44 in discovery) of an interrogation of him. He moved that this evidence be suppressed before trial (Doc. 101), and objected in trial to its admission for the same reasons outlined in his motion to suppress. The argument he advances on this motion is that the interrogating officer, Agent Michael Rehg of the Drug Enforcement Agency, tricked Wysinger into continuing to talk after stating to Wysinger his *Miranda* rights and obtaining the statement that Wysinger understood those rights. He argues that this means that there was no implicit waiver of his *Miranda* rights.

The Court sees no chicanery in Rehg's conduct. The video reveals that Rehg clearly read to Wysinger his *Miranda* rights and asked Wysinger not once, but twice if he understood those rights. Wysinger acknowledged each time. The Court stands by its finding that Wysinger implicitly waived his *Miranda* rights. *See United States v. Wysinger*, No. 09-CV-30159-MJR, 2010 WL 2802507, at *6–12 (S.D. Ill. July 14, 2010) (Doc. 151) ("To establish implicit waiver, the prosecution must demonstrate not only that a *Miranda* warning was given and the accused offered an uncoerced statement, but also that the accused understood the *Miranda* rights. All three elements are present

4

here: Wysinger was read his rights, he stated that he understood those rights and he made uncoerced statements." (citation omitted) (citing *Berghuis v. Thompkins*, 130 S. Ct. 2250, 2261 (2010))). To the extent that Wysinger argues that his statement immediately before being read his rights—"Do I need a lawyer before we start talking??"—was an invocation of his right to an attorney, the Court stands by its holding that he did not invoke the right to an attorney with that statement. *Id.* at *11 (citing *United States v. Shabaz*, 579 F.3d 815, 819 (7th Cir. 2009)).

As Wysinger offers no other reason for the video's exclusion (and objected on no other basis), the admission of this evidence does not require the ordering of a new trial.

The Indictment

Wysinger next argues that a new trial should be ordered because the indictment was insufficient and a bill of particulars was never ordered. Wysinger acknowledges that the indictment tracks the language of the criminal statutes, meaning that the indictment would be sufficient as long as it provides a method for the defendant "to pin down the specific conduct at issue." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). Wysinger argues that the indictment is vague and sparse as to the time and place of Count 2, the charge of aiding and abetting possession with intent to distribute, meaning that the indictment is either constitutionally insufficient or requires a bill of particulars. The Court previously ruled that the allegation that the distribution occurred on May 27, 2009 in Saint Clair County, Illinois was enough information for Wysinger "to pin down the specific conduct at issue," meaning that the indictment survived constitutional scrutiny. *Wysinger*, 2010 WL 2802507, at *2 (citing *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000)). Additionally, the Court earlier ruled that Wysinger's ample access to discovery cured any additional lack of specificity that would normally require a bill of particulars. *Id.* (citing *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008)). Wysinger offers no reason to reconsider these holdings.

Jury instructions

Wysinger makes much ado about the jury instructions. The Court will first address the instruction that he tendered but the Court refused to give: Defendant's Instruction #2, his instruction regarding a buyer–seller relationship. "The purpose of the 'mere buyer-seller instruction' is to ensure that the jury understands that an agreement to purchase the contraband, without any other agreement to achieve another criminal objective, is not a conspiracy." *United States v. Turner*, 93 F.3d 276, 285 (7th Cir. 1996). Each drug conspiracy "must be analyzed according to its specific facts to determine whether a buyer–seller instruction is appropriate," because the defendant is only entitled to one if "the instruction has some foundation in the evidence." *United States v. Askew*, 403 F.3d 496, 503 (7th Cir. 2005) (quoting *United States v. Douglas*, 818 F.2d 1317, 1323 (7th Cir. 1987)). When determining if the defendant was entitled to the instruction, the Court also looks to see if the defendant presented a buyer–seller defense at trial. *Id.* (citing *United States v. Baker*, 40 F.3d 154, 162 (7th Cir. 1994); *Douglas*, 818 F.2d at 1323).

Wysinger's argument for a new trial for failure to give the instruction misses on both inquiries. First, Wysinger did not present a buyer–seller defense at trial. He did not claim that he was involved in selling cocaine, and at argument he never suggested that he merely sold the cocaine to his co-defendants. His theory of defense was simply that the United States' evidence showing that he was a drug trafficker was not proof beyond a reasonable doubt. Second, the evidence at trial did not support giving the buyer–seller instruction. It is notable that Wysinger in his brief did not point to any evidence of a mere buyer–seller relationship but simply claims that there was evidence at trial. If Wysinger would have made an attempt here to demonstrate evidence of mere buyer–seller at trial, *United States v. Turner*, 93 F.3d 276 (7th Cir. 1996) would be instructive. Turner wanted to give the buyer–seller instruction, but the trial court refused. *See id.* Affirming the trial court, the Seventh

6

Circuit noted that there was no evidence of a mere buyer–seller relationship between Turner and his co-conspirator. *Id.* Instead, the evidence presented at trial indicated that the co-conspirator:

> was not a simple buyer of the commodity as contemplated by the instruction. Rather, he affirmatively assisted in the commission of the substantive crime of possession with intent to distribute by facilitating the criminal activity of Mr. Turner. In short, the consideration which he tendered for the receipt of the drugs was not a consideration unrelated to the conspiracy such as currency or even services unrelated to the conspiracy. Rather, he exchanged affirmative support for the commission of the underlying crime.

*Id.* Similarly, the evidence here indicated that Wysinger's co-conspirators did not exchange currency or services unrelated to the conspiracy. Instead, Wysinger gave the cocaine to the co-conspirators on consignment; that is, so that the cocaine could be resold and Wysinger ultimately would be paid.

Even if a buyer–seller relationship was Wysinger's theory of defense, and if the evidence supported the defense, the Court could not have given Wysinger's instruction. A court should give an instruction establishing a defense only if "the defendant proposed a correct statement of the law." *Turner*, 93 F.3d at 285 (quoting *United States v. Schulte*, 7 F.3d 698, 700 (7th Cir. 1993)). Wysinger did not. The instruction Wysinger tendered noted that a buyer–seller relationship "without more, is not sufficient to establish a conspiracy" (Doc. 162-1 at 4). The instruction then listed a number of factors for the jury to consider in determining if a conspiracy or a buyer–seller relationship existed:

> (1) Whether the transaction involved large quantities of cocaine; (2) Whether the parties had a standardized way of doing business over time; (3) Whether the sales were on credit or consignment; (4) Whether the parties had a continuing relationship; (5) Whether the seller had a financial stake in the resale by the buyer; (6) Whether the parties had an understanding that the cocaine would be resold.

(*Id.*). The Court declined to give this instruction because it was the exact instruction that the Seventh Circuit rejected in *United States v. Colon*. 549 F.3d 565 (7th Cir. 2008). The instruction that the trial court gave indicated the same factors in Wysinger's proposed instruction and, like Wysinger's, failed to discuss how the factors should be weighed "to consider the difference between a customer and a

7

conspirator." *Id.* at 570. Because the instruction that the trial court gave did not instruct the jury on which side of each factor a customer or a conspirator would lie, Judge Posner remarked that "[i]t is no surprise that the jury convicted." *Id.* Giving Wysinger's proposed instruction would have been an obvious error. The Court suggested that Wysinger tender a modified version of the instruction to address these defects, but he never did.

Wysinger also argues that it was incorrect to give Government's Instructions numbers 17 and 20, to which he objected, because those instructions constructively amended the indictment by "broaden[ing] the possible basis for conviction beyond those presented to the grand jury." *United States v. Cusimano*, 148 F.3d 824, 829 (7th Cir. 1998). Wysinger never explains how those instructions broadened the indictment. *See Reese*, 2010 WL 55695, at *6 (noting that lack of development of an argument "speaks to the paucity of the argument" and that undeveloped arguments are waived (quoting *Jones*, 224 F.3d at 626)). Instruction 20 simply quoted the statute under which Wysinger was charged, 21 U.S.C. § 841, and the instruction noted that cocaine was a Schedule II controlled substance—both of which are accurate statements of the law. Considering that the superseding indictment specifically charged Wysinger with possession with intent to distribute "cocaine, a Schedule II controlled substance," there was no broadening of the indictment when this instruction was given.

Similarly, instruction 17 merely indicates that knowledge of the exact kind of substance is not an element of the offense of possession with intent to distribute; instead, knowledge that the substance is a controlled substance is what matters. *See United States v. Barlow*, 310 F.3d 1007, 1012 (7th Cir. 2002). Thus, as to the substance possessed, instruction 17 did not broaden the possibilities beyond what was stated in the indictment but instead accurately told the jury that Wysinger's knowledge—that the substance was actually cocaine—did not matter as long as he knew the substance was a controlled substance.

<u>Conclusion</u>

The evidence presented at trial was sufficient for a reasonable juror to convict Wysinger of both counts of the superseding indictment (Doc. 41). Additionally, none of the issues Wysinger raises regarding his trial were errors requiring the Court to order a new trial. In light of the foregoing, the Court **DENIES** Wysinger's motion for judgment of acquittal and **DENIES** Wysinger's motion for new trial (Doc. 180).

**IT IS SO ORDERED.**

**DATED October 20, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN
United States District Judge**